The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN SANTIAGO ROSARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | No. 2:16-cv-01951 RAJ<br><br>ORDER GRANTING MOTION TO SEAL PORTIONS OF EXHIBITS 1 AND 3 TO DECLARATION OF TRACY VRCHOTA IN SUPPORT OF MOTION TO DISMISS |

This matter comes before the Court on Defendant Starbucks Corporation's ("Starbucks") motion to seal portions of Exhibits 1 and 3.  Dkt. # 17.

There is a "strong presumption" in favor of public access to court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Rules W.D. Wash. LCR 5(g).  A court cannot allow documents to remain under seal unless it articulates its reasons for doing so.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (vacating order sealing, without explanation, documents submitted in support of injunction motion).  In general, the party seeking to shield litigation documents from public view must show "compelling reasons" for doing so, and the court must balance the reasons the party articulates against the public's interest in

ORDER

understanding the judicial process, the general preference for access and disclosure, and other policies favoring disclosure.  *Kamakana*, 447 F.3d at 1178-79.

Starbucks has made the proper showing to support the partial sealing of these exhibits.  The redacted information falls within LCR 5.2(a), and Starbucks has minimized that amount of information to be shielded from public view.  Moreover, Plaintiff did not file an opposition to the motion, therefore admitting to the motion's merit.  Local Rules W.D. Wash. LCR 7(b)(2).  Accordingly, the Court **GRANTS** Starbuck's motion.  Dkt. # 17.

DATED this 25th day of May, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER