The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN SANTIAGO ROSARIO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | No. 2:16-cv-01951 RAJ <br><br> ORDER |

This matter comes before the Court on Defendant's Motion for Protective Order Staying Discovery. Dkt. # 28. Plaintiff opposes the Motion[1].

## I.   BACKGROUND

Plaintiff Jonathan Santiago Rosario brings a putative class action alleging that Defendant Starbucks Corporation ("Starbucks") violated the Fair Credit Reporting Act

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

("FCRA"), 15 U.S.C. § 1681b(b)(3), in relation to its use of pre-employment background checks. Dkt. # 1. Starbucks filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 23(d)(1)(D). Dkt. # 19. On June 26, 2017, the parties stipulated to an extension of all discovery deadlines for a period of 91 days. Pursuant to this extension, the deadline to complete discovery on class certification is October 6, 2017. Dkt. # 27. In August 2017, Plaintiff served Starbucks with interrogatories, requests for production, and a notice of intent to serve a subpoena on a third party, Accurate Background, LLC. Dkt. # 31. Starbucks then requested a meet and confer regarding a stay of discovery. *Id.* The parties were unable to come to an agreement and Starbucks filed this Motion. Dkt. ## 29, 31.

## II.   DISCUSSION

A district court has discretion under Federal Rule of Civil Procedure 26(c) to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002). However, "speculation does not satisfy Rule 26(c)'s good cause requirement." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding that the defendants' argument that their motions to dismiss would succeed did not constitute a showing of good cause).

Starbucks argues that a stay of discovery pending resolution of its Motion to Dismiss is warranted because Plaintiff is unable to state a claim for relief. While the Court has discretion to issue a protective order to that effect, a motion to dismiss alone, is not grounds for staying discovery. By filing this Motion on the basis of its belief that its motion to dismiss will dispose of Plaintiff's claim, Starbucks essentially seeks a ruling on its motion to dismiss. The party that objects to the requested discovery carries

a "heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Starbucks argues that a stay would free the parties from the burden and expense of unnecessary discovery, but offers no other reason why discovery should be delayed.  At this stage in the proceedings, the Court is not convinced that Plaintiff will be unable to state a claim for relief.  Starbucks has not met its burden to show that there is good cause for this Court to issue a protective order staying discovery.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Protective Order Staying Discovery.  Dkt. # 28.

DATED this 18th day of September, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge