HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN SANTIAGO ROSARIO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. C16-1951 RAJ<br><br>ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Starbucks Corporation's ("Starbucks" or "Defendant") Motion to Dismiss. Dkt. # 19. Plaintiff Jonathan Santiago Rosario opposes the Motion. Dkt. # 24. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## II.    BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff brings this putative class action against Defendant for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3) ("FCRA"). Dkt. # 1 ¶ 1.

Plaintiff alleges that Defendant violated the FCRA by taking adverse employment action against him before providing him with a copy of his background report and a summary of his rights as an applicant. *Id.*

Defendant Starbucks Corporation is a coffee roaster and retailer based in Seattle, Washington. In March of 2016, Plaintiff applied and interviewed for a barista position at a Starbucks location in Colorado. Dkt. # 1 ¶¶ 10, 11. Applicants for barista positions at Starbucks must first fill out an employment application online. Dkt. # 19. After an applicant is selected, Starbucks makes a conditional offer of employment. Starbucks then orders a background check on the applicant through a third-party background screening service, Accurate Background ("Accurate"). *Id.*

At some point between March 29 and April 7, 2016, Starbucks received Plaintiff's background report from Accurate. This report included inaccurate criminal record information that has been attributed to Plaintiff's adoptive brother. Dkt. # 1 ¶ 13. The type of criminal record shown on the report would typically prevent hiring by Starbucks. Dkt. # 19. On or before April 7, 2016, Starbucks removed Plaintiff from hiring consideration based on this background report. Dkt. # 1 ¶ 16. On or about April 20, 2016, Accurate sent Plaintiff a letter on behalf of Starbucks, informing him that his background check did not meet Starbucks requirements and that he could appeal Starbucks' decision. *Id.* ¶¶ 18, 19. The letter also states that if Plaintiff's appeal was successful, his offer of employment would be reinstituted. *Id.* On May 17, 2016, Plaintiff called Accurate and disputed the results of his background check. Plaintiff's background report was corrected shortly after. *Id.* ¶¶ 23-24. Plaintiff's job offer was not reinstituted. *Id.* ¶ 25.

### III.   LEGAL STANDARD

#### A.   FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co.*

*of America*, 511 U.S. 375, 377 (1994).  The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction.  *Id*.  Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit.  *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint.  *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

**B.  FRCP 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the

complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.   DISCUSSION

### A.  The Fair Credit Reporting Act

The FCRA requires that any person using a "consumer report" for "employment purposes" provide the consumer with a copy of the report and a description in writing of the rights of the consumer under the FCRA, prior to taking any adverse action based in whole or in part on the report. 15 U.S.C. § 1681b(b)(3). An affected consumer is entitled to actual damages for negligent violations, and actual or statutory and punitive damages for willful violations. 15 U.S.C. §§ 1681o(a), 1681n(a).

### B.  Standing

Starbucks argues that Plaintiff lacks Article III standing because he has not alleged facts demonstrating that he suffered an injury. In order to show standing, Plaintiff must show that he has suffered an "injury in fact" that is "fairly traceable to the challenged action of the defendant," and that "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations, citations, and alterations omitted). In a class action, standing is satisfied if at least one named plaintiff meets the requirements. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). "At least one named plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th Cir. 2006) (quoting *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993).

Plaintiff alleges in his Complaint that he was injured when he lost his job opportunity at Starbucks. To show standing, Plaintiff must allege that his injury is traceable to Starbucks' alleged violation of the FCRA, or specifically, to Starbucks' alleged failure to provide him with a copy of his inaccurate background check and a

description of his rights prior to removing him from hiring consideration.  Plaintiff alleges in his Complaint that that he was denied any "meaningful opportunity to dispute" his inaccurate background report prior to the negative adjudication of his application because of Starbucks' failure to provide him a copy of that report and FCRA notice.  Plaintiff further alleges that Starbucks' unlawful use of that inaccurate report caused him to lose his conditional job offer.

Starbucks argues that Plaintiff was provided a copy of his background report and several notices prior to being removed from hiring consideration, and thus, cannot allege a violation or an injury due to a violation.  Starbucks relies on several declarations and exhibits submitted with his Response to support its contention.  Dkt. ## 20, 21.  In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Starbucks contends that Accurate provided Plaintiff with copy of his background report by email on April 7, 2016, a second copy of his background report and a description of his rights under the FCRA by U.S. Mail on April 8, 2016, and a confirmation email of Plaintiff's dispute of the background report on April 15, 2016.  Dkt. # 20.  Starbucks represents that these declarations and exhibits show that Plaintiff did receive a copy of his background report and proper notice prior to losing the job opportunity.  Thus, Starbucks argues that Plaintiff cannot show an injury due to the alleged violation because the alleged violation did not occur.

As explained in further detail below, Plaintiff alleges that he lost his job opportunity when Starbucks adopted Accurate's adjudication of his job application before he was able to obtain a correction of his background report.  Plaintiff alleges that this occurred sometime between March 29, 2016 and April 7, 2016.  Dkt. # 1 at ¶¶ 16, 17.  Assuming the truth of the Complaint's factual allegations and crediting all reasonable inferences arising from those allegations, it is plausible that Starbucks' alleged adverse

action occurred prior to the notices referenced in Starbucks' Motion and that Plaintiff did not have an opportunity to contest Accurate's adjudication before he was removed from hiring consideration.  This is not a "mere procedural violation" as Starbucks contends, but a concrete injury sufficient to establish Article III standing.  As Plaintiff has sufficiently alleged that his injury is traceable to Starbucks' alleged violation of the FCRA, Starbucks' Motion is **DENIED** to the extent that it requests that the Court dismiss Plaintiff's claims due to lack of standing.

Starbucks also argues that Plaintiff's class claims should be dismissed because he did not allege and show that he was personally injured.  The Court finds that Plaintiff has sufficiently alleged that he suffered an injury, thus Starbucks' motion to dismiss Plaintiff's class claims pursuant to Federal Rule of Civil Procedure 23(d)(1)(D) is also **DENIED**.

### C. Failure to State a Claim

As noted above, Starbucks relies on several exhibits submitted with its Motion to support its contention that Plaintiff received notice from Accurate prior to the alleged adverse employment action.  Among these exhibits are communications from Accurate that Starbucks contends were sent to Plaintiff on April 7, 8, and 15, 2016.  Dkt. # 29; Dkt. # 25 at 4.  When resolving a motion to dismiss under Rule 12(b)(6), the Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Starbucks argues that these exhibits may be considered because the Complaint refers to these documents and are central to his claims.  While Plaintiff's Complaint refers to his background report, it does not refer to these communications, nor are these communications central to Plaintiff's claims.  The doctrine of incorporation by reference is more appropriately applied when the Complaint "refers extensively" to the documents at issue, or the documents form the basis of Plaintiff's claim.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even if, as Starbucks contends, the

Complaint refers implicitly to these communications, the alleged references are not sufficient to establish that they are central to Plaintiff's claims. Dkt. # 25. Thus, these documents will not be considered in resolving Starbucks' Motion under Rule 12(b)(6).

Starbucks argues that Plaintiff has not sufficiently pled that it took adverse action against him prior to April 20, 2016, when Accurate sent Plaintiff a letter indicating that his background check did not meet Starbucks' requirements for hiring. However, Plaintiff argues that adverse action actually occurred on or before April 7, 2010, when Accurate adjudicated his application for employment based on Starbucks' hiring requirements and when Starbucks "adopted" that adjudication. Dkt. # 1 at ¶¶ 3, 16, 17. While courts are divided as to whether the adjudication by a background "screening" organization constitutes an "adverse action" under the FCRA, Accurate is not a defendant in this action. *See Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 848 F. Supp. 2d 532, 539 (E.D. Pa. 2012) (finding that adjudication of a background report by a background screening service constituted an adverse action under the FCRA); *see also Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 332 (D. Conn. 2009) (holding that a reasonable jury could find that the decision to furnish a background investigation report with information adverse to a prospective employee's interest to an employer constituted an adverse action); *but see Williams v. First Advantage LNS Screening Sols., Inc.*, 155 F. Supp. 3d 1233, 1246 (N.D. Fla. 2015) ("[A]djudication cannot itself be an adverse action, because it is, in effect, an evaluation that results in a decision to take adverse action. An adverse action within the meaning of § 1681b(b)(3)(A) has to be 'intended'"). At issue is whether Starbucks' adoption of Accurate's adjudication constitutes an adverse action and if so, whether that adoption occurred before Plaintiff was provided with a copy of the report and a notice of his rights.

The FCRA defines "adverse action" as "a denial of employment or any other decision for employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii). An

adoption of an adjudication that Plaintiff was ineligible for employment is a decision for employment purposes that adversely affected a prospective employee.  Plaintiff alleges that this adoption occurred on or before April 7, 2016.  Even if, as Starbucks alleges, Plaintiff received notice prior to the April 20, 2016 letter from Accurate, Plaintiff has sufficiently alleged that this adverse action occurred prior to that notice.  To the extent that Starbucks' Motion seeks to dismiss Plaintiff's claims for failure to a state a claim, it is **DENIED.**

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Dkt. # 19.

Dated this 25th day of October, 2017.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge