The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN SANTIAGO ROSARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | No. 2:16-cv-01951 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Responses to Written Discovery and Deposition and Defendant's Motion to Strike Plaintiff's Motion to Compel.  Dkt. ## 37, 40.

**I.     BACKGROUND**

Plaintiff Jonathan Santiago Rosario brings a putative class action alleging that Defendant Starbucks Corporation violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), in relation to its use of pre-employment background checks. Dkt. # 1.  On September 22, 2017, the parties submitted a stipulation and proposed order to extend all discovery deadlines for a period of 45 days.   Dkt. # 34.  On October 19, 2017, Plaintiff filed a Motion to Compel Responses to Written Discovery and

Deposition.  Dkt. # 37.  In the Motion to Compel, Plaintiff alleged that Defendant failed to provide substantive responses to his interrogatories, failed to respond to the majority of his document requests, and failed to produce a witness to testify in response to a Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition.  *Id.*  On October 26, 2017, Defendant filed a Motion to Strike Plaintiff's Motion to Compel.  Dkt. # 40.  After both Motions were filed, Defendant produced several documents, agreed to present a Rule 30(b)(6) witness to testify to most of Plaintiff's deposition topics, and agreed to answer several of Plaintiff's interrogatories.  Dkt. # 44.  As of the date of Plaintiff's Response to Defendant's Motion to Strike, Plaintiff maintains that Defendant has not responded to one of Plaintiff's interrogatories, several of Plaintiff's requests for production, and has not provided a witness to testify regarding several of the topics in its Rule 30(b)(6) Notice of Deposition.  Dkt. # 47.

## II.    DISCUSSION

The Court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by several principles.  Most importantly, the scope of discovery is broad.  A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Defendant argues in both its Motion to Strike and in Response to Plaintiff's Motion to Compel that Plaintiff failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1). The former provides, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter provides:

> (1) *Meet and Confer Requirement*. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

W.D. Wash. Local Civ. R. 37(a)(1). Plaintiff contends that he requested to meet and confer with Defendant numerous times to discuss the parties' discovery issues and submitted several email exchanges between the parties in support of its assertion. Dkt. # 38. The parties disagree as to whether these attempts meet the requirements of the Federal and Local Rules.

A motion to compel must include a certification that the movant has in "good faith conferred or attempted to confer" with the party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1).

Defendant argues that Plaintiff failed to meet these requirements because the parties did not meet and confer in-person or telephonically, or have any substantive discussions regarding the issues in Plaintiff's Motion to Compel.  Dkt. # 40.  This Court's Standing Order states that counsel contemplating the filing of a motion "shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*."  The Court and Federal and Local Rules have this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties.  Plaintiff's emails evidence an effort to discuss these discovery deficiencies with Defendant on several occasions.  Most notably, in an October 10, 2017 email to Defendant's counsel, in which Plaintiff notes his objections to Defendant's discovery responses.  While the Court construes the meet and confer requirement strictly, striking a motion to compel because of a failure to discuss these objections in person is not in keeping with the purpose of this type of requirement.  Plaintiff certifies that he attempted to meet and confer with Defendant, therefore, Defendant's Motion to Strike is **DENIED.**  Dkt. # 40.

As of November 13, 2017, Plaintiff alleges that Defendant has failed to respond to Plaintiff's Interrogatory 5 and Plaintiff's Document Requests 16-21 and 35.  Plaintiff also alleges that Defendant has failed to produce a Rule 30(b)(6) witness to provide testimony on Topics 11 (to the extent it incorporates Interrogatory 5), 12, and 13 in Plaintiff's Deposition Notice.  Although Plaintiff contends that his interrogatories are "narrow and targeted, presenting no undue burden to [Defendant]," review of the interrogatories, specifically the interrogatory at issue, indicate otherwise.  Plaintiff's

Interrogatory 5 states: "Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) concerning any applicant for a job with Starbucks who believed that adverse employment action had been taken against himself or herself because of inaccurate information on his or her consumer report during the past ten years." Dkt. # 38 Ex. A.  This interrogatory is overbroad and unduly burdensome.  While this request certainly encompasses information that would be relevant to Plaintiff's case, and to class certification issues, Plaintiff's Interrogatory 5 is not "narrow" or "targeted" such that its' likely benefit outweighs the burden or expense of the request[1].

Plaintiff's Requests for Production 16, 17, 21, 35 are similarly overbroad and unduly burdensome.  Requests 16, 17 and 21 are not limited in time, and contain no other language that limits their scope.  For example, Plaintiff's Request for Production 21 states: "All emails, including but not limited to drafts and "deleted" files, that were sent, received or created by any current or former employee containing the terms "FCRA" or "Fair Credit Reporting Act".  Dkt. # 38 Ex. D.  This request is not confined to a time period or a location.  Starbucks has reportedly more than 24,000 retail stores in

---

[1] The Court notes that Defendant argues in emails to Plaintiff and in its' discovery responses, that pre-certification discovery should be limited to issues relevant to class certification. Dkt. # 38.  "District courts have broad discretion to control the class certification process, and [w]hether or not discovery will be permitted … lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  The Court declined to phase or bifurcate discovery at the time the parties' Joint Status Report was submitted, but specifically declined to do so without prejudice to any party filing a motion on this subject.  Dkt. # 15.  The Scheduling Order was issued on March 7, 2017.  Either party could have brought this issue before the Court at any time.  Defendant may not subvert the Court's discretion with its own desire to control the limits of discovery or use it as an excuse to refuse to respond to valid discovery requests.

70 countries.  Starbucks, *Starbucks Company Profile,* https://www.starbucks.com/about-us/company-information/starbucks-company-profile (last visited Nov. 30, 2017).  For Plaintiff to assert that a request for all emails, deleted emails and drafts of emails for all current or former Starbucks employees that contain those terms, is "narrow" is disingenuous.  Request 35 limits itself to the past ten years and requests "all documents regarding any complaints, disputes, lawsuits, regulatory actions, or other records identifying a problem that you have received regarding your use of consumer reports for employment purposes."  Dkt. # 38 Ex. D.  The language of this request uses overly general terms, and is again, clearly unduly burdensome.  The Court finds the term "problem" to be particularly troublesome, as it can encompass any number of issues.  While Request 35 has a time limitation of ten years, the Court has concerns that this limitation might also be overbroad.

Defendant's objections to Plaintiff's Requests for Production 16-21 also argue that these requests invoke "privilege" concerns, and are "directed at obtaining documents protected by the attorney-client privilege and/or work product doctrine."  Dkt. # 38 Ex. D.  To the extent that these requests are aimed at privileged documents, the Court declines to compel Defendant to produce those documents.  However, the Court cautions Defendant that it may not refuse to produce all documents responsive to these requests on the sole basis that all responsive documents *may* be protected by attorney-client privilege or by the work product doctrine.

Plaintiff also moves to compel Defendant to provide a Rule 30(b)(6) witness to testify to Topics 11 (to the extent it incorporates Interrogatory 5), 12, and 13 of its

Deposition Notice.  Topic 11 (to the extent it incorporates Interrogatory 5), concerns Defendant's response to Plaintiff's Interrogatory 5, Topic 12 concerns all complaints received by Defendant regarding its use of background reports in connection with decisions regarding employment at Starbucks, and Topic 13 all complaints received by Defendant regarding its use of consumer reports in connection with decisions regarding employment at Starbucks.  These topics contain no other limitations that limit the scope of inquiry, e.g. time, location or type of complaint.  Plaintiff is reminded that Defendant must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Discovery requests that are overly broad and encompass documents or information not relevant to this matter undermine the discovery process and are counter-productive to the progress of this litigation.  Therefore, Plaintiff's Motion to Compel is **DENIED.**  Dkt. # 37.  To be clear, this denial is not to be construed as permission for Defendant to refuse to respond to discovery requests from Plaintiff that meet the requirements of the Rules and relevant case law.  The Court also expects that the parties adhere to the agreements made after Plaintiff filed his Motion to Compel and prior to the issuance of this Order.

//

//

//

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel Responses to Written Discovery and Deposition (Dkt. # 37) and **DENIES** Defendant's Motion to Strike (Dkt. # 40.)

DATED this 4th day of December, 2017.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge