THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN SANTIAGO ROSARIO,

                Plaintiff,

     v.

STARBUCKS CORPORATION,

                Defendant.

Case No. C16-01951-RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Seal Exhibits Filed in Support of Plaintiff's Motion for Class Certification. Dkt. # 58. Plaintiff's Motion to Seal Exhibits 2, 3, 4, and 5 to the Declaration of John Soumilas is **GRANTED in part** and **DENIED in part.**

Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g). The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."

*Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-78 (9th Cir. 2006).  However, where a party seeks to seal "private materials unearthed during discovery," the relevant standard is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002); Fed. R. Civ. P. 26(c).  The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for purposes of a motion to seal.  *English v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015).  The parties take no position on whether Plaintiff's motion for class certification is a dispositive motion, however, Defendant makes its arguments to seal the documents under the higher "compelling reasons" standard.

All of the exhibits at issue contain information related to Defendant's hiring practices and standards.  Defendant argues that all the documents it wishes to seal contain confidential information that if made public would harm its standing with competitors, undermine its goal of encouraging candidates to apply to work at Starbucks regardless of criminal history, could provide certain candidates for employment with an unfair advantage over other candidates by providing them unfair insight into the hiring process, and is of little value to the public.  Compelling reasons exist where exhibits are of little value to the public and contain information that would be primarily of interest to competitors. *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2013 WL 12069074, at *1 (W.D. Wash. Sept. 16, 2013); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Based on Defendant's Response and supporting declaration as well as the relevant legal standards, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Seal.  Plaintiff's Motion to Seal is **GRANTED** with respect to Exhibit 4.  Plaintiff's Motion to Seal is **DENIED** with respect to Exhibit 5.  Defendant argues that Exhibit 5 discloses a past proprietary hiring approach and that a potential candidate

could use this information to gain an advantage over other potential candidates. However, Defendant indicates that this information is no longer current and provides no explanation why this information would continue to provide potential candidates an unfair advantage.  Dkt. # 62 ¶ 9.  Defendant provides no other compelling reasons, or reasons why good cause exists, to keep this information confidential.

Local Rule 5(3)(A) requires that the parties "explore redaction and other alternatives to filing under seal".  Neither party addresses the potential for redaction of Exhibits 2 and 3 in the Motion and the Response.  Defendant does not provide any argument as to why redaction of these exhibits would be an inappropriate alternative to filing under seal.  Plaintiff's Motion to Seal is **DENIED with leave to amend** with respect to Exhibits 2 and 3 to allow the parties to address the possibility of redaction as an alternative to filing under seal.  Dkt. # 58.

SO ORDERED this 19th day of January, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge